UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

Dale Miller,

       Plaintiff,

v.                                                                                          09-3302

Larry Phillips et al.,

       Defendants.

### Order on Petition to Proceed In forma Pauperis

The plaintiff is being held at Rushville Treatment and Detention Center pursuant to the Illinois Sexually Violent Persons Commitment Act, 725 ILCS 207/1 *et seq.*. He seeks leave to proceed *in forma pauperis* on his claim that he was punished without procedural due process.

The "privilege to proceed without posting security for costs and fees is reserved to the many truly impoverished litigants who, within the District Court's sound discretion, would remain without legal remedy if such privilege were not afforded to them." *Brewster v. North Am. Van Lines, Inc.*, 461 F.2d 649, 651 (7th Cir. 1972). Additionally, the court must dismiss cases proceeding in forma pauperis "at any time if the court determines that the action fails to state a claim." 28 U.S.C. § 1915(e)(1). Accordingly, the court grants leave to proceed in forma pauperis only if at least one federal claim is stated.

Federal Rule of Civil Procedure 8 requires a complaint to set forth a "short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Factual allegations are accepted as true and need only give "'fair notice of what the . . . claim is and the grounds upon which it rests.'" *EEOC v. Concentra Health Serv., Inc.*, 496 F.3d 773, 776-77 (7th Cir. 2007), *quoting Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964 (2007)(other citation omitted). However, the factual "allegations must plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level' . . . ." *Id.*, *quoting Bell Atlantic*, 127 S.Ct. at 1965, 1973 n. 14. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. . . . Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949-50 (2009), *citing Twombly*, 127 S.Ct. 1955. The court also keeps in mind that pro se pleadings are liberally construed. *Bridges v. Gilbert*, 557 F.3d 541, 546 (7th Cir. 2009).

The plaintiff alleges that, on August 10, 2009, he was written up for refusing a roommate (which he denies doing). Without notice, the behavioral committee found him guilty of "disrupting facility operation," which was classified as a "major violation." No reasons were

given for the committee's findings.  In a separate incident on September 22, 2009, the plaintiff was ticketed for "refusing an escort/refusing to cool down."  He was apparently behaving erratically due to very low blood sugar.  The behavior committee, without notice, found him guilty of interfering with the facility's operation, again classifying the misconduct as a major violation.  Each punishment included close management status and a loss of privileges.

At this point, the court cannot rule out a procedural due process claim.  The plaintiff's status is like a pretrial detainee: he cannot be punished without procedural due process.  He asserts that he got no notice of the rule violation or the rule itself, no explanation was given for the guilty findings, and no evidence supported those findings.  Whether the punishment he received implicates a protected liberty interest cannot be determined without a more developed record, but it is at least arguable at this point.  *Higgs v. Carver*, 286 F.3d 437 (7th Cir. 2002)("A pretrial detainee cannot be placed in segregation as a punishment for a disciplinary infraction without notice and an opportunity to be heard; due process requires no less.").  Similarly, whether Phillips, the Facility Director, bears personal responsibility must await a more developed record.  The other defendants were on the behavioral committee, so their personal responsibility can be inferred at this point.

IT IS THEREFORE ORDERED:

1)   The plaintiff's petition to proceed in forma pauperis is granted (d/e 2).  The plaintiff states a procedural due process claim regarding the August 10 and September 22, 2009 charges against him and the subsequent behavioral committee hearing and punishment.

2)   The hearing scheduled for December 15, 2009, is cancelled as unnecessary.  The clerk is directed to vacate the writ and to notify Rushville of the cancellation.

3)   This case is referred to the Magistrate Judge for entry of a Rushville Scheduling Order.

4)   The defendants shall file an answer within the time prescribed by Local Rule.  A motion to dismiss is not an answer.  The answer must be considered a responsive pleading under Federal Rule of Civil Procedure 15(a) and should include all defenses appropriate under the Federal Rules.  The answer and subsequent pleadings shall be to the issues and claims stated in this order.

Entered this 10th Day of December, 2009.

                                            s\Harold A. Baker
                                            HAROLD A. BAKER
                                            UNITED STATES DISTRICT JUDGE