E-FILED
Friday, 08 July, 2011 12:01:08 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

Dale Miller,

        Plaintiff,

                              09-3302

Larry Phillips et al.,

        Defendants.

## Order Granting Summary Judgment

The plaintiff, detained in the Rushville Treatment and Detention Center pursuant to the Illinois Sexually Violent Persons Act, pursues procedural due process claims arising from disciplinary charges filed against him on two separate occasions, the subsequent behavioral committee hearings, and the punishments he received.

Motions for summary judgment by the defendants are before the Court. The plaintiff disputes various facts regarding whether he committed the disciplinary offenses. He also maintains that he never received proper notice of the charges nor a summary of the reasons for his guilty findings or the evidence relied on to support those findings. However, those issues are not material because the legal analysis begins and ends with the punishment the plaintiff received.

Not every adverse action amounts to "punishment" of a detainee for purposes of the procedural due process clause. The deprivation suffered by Plaintiff must have been of Constitutional magnitude before procedural due process kicks in. If the plaintiff's deprivation was not significant enough to garner the Constitution's attention, he was not entitled to any procedural due process. *See Ehrlich v. Mantzke*, 2002 WL 265177 *4 (N.D. Ill. 2002)(change in status of sexually violent person from "responsible" to "general" for 5 days "too minimal" to trigger due process protections)("There is an ancient maxim, de minimis non curat lex, 'the law cares not for trifles.' In an imperfect world, some injuries are too small for courts to bother with, and this is one of them.").

As the plaintiff is aware, this court held in a prior case of his that "close status" is not serious enough to trigger procedural due process protections. *Miller v. Dobier* et al., 08-3238 (C.D. Ill., 3/11/10 order). That order came down after the plaintiff filed this case, so the plaintiff cannot be faulted for filing this case. The Seventh Circuit Court of Appeals affirmed this court's ruling, agreeing that "the additional restrictions [of close status] are too limited to amount to a deprivation of constitutional liberty." *Miller v. Dobier*, 634 F.3d 412, 415 (7th Cir. 2011).

1

The plaintiff does not dispute that while on "close" status for 7 and 14 days respectively, he was able to "remain out of his room until 9:30 p.m., have one hour visits with family and friends, have a small legal property box with writing materials, have three days worth of clothing, and make outgoing phone calls." (d/e 36, p. 7). As with his prior case, the deprivations he suffered were not significant enough to trigger procedural due process protections. Accordingly, summary judgment must be granted for the defendants.

IT IS THEREFORE ORDERED:

1) The defendants' motions for summary judgment are granted (d/e's 34, 35). The clerk of the court is directed to enter judgment in favor of the defendants and against the plaintiff. All pending motions are denied as moot, and this case is terminated, with the parties to bear their own costs.

2) If the plaintiff wishes to appeal this judgment, he must file a notice of appeal with this court within 30 days of the entry of judgment. Fed. R. App. P. 4(a)(4). A motion for leave to appeal *in forma pauperis* should set forth the issues the plaintiff plans to present on appeal. *See* Fed. R. App. P. 24(a)(1)(c).

Entered this 8th Day of  July , 2011.

        **\s\Harold A. Baker**

        HAROLD A. BAKER
        UNITED STATES DISTRICT JUDGE